**SCANNED**   **ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION       :
                                         :
                    Plaintiff,           :   Civil Action No. 01-9056 (DAB)
                                         :
v.                                       :
                                         :
WAMEX HOLDINGS, INC., et al.             :    #08,0608
                                         :
            Defendants and Relief Defendants.   :

---

### [PROPOSED] DEFAULT JUDGMENT AND ORDER AS TO ALFRED PEEPER, ORIENTAL NEW INVESTMENTS, LTD. AND ORIENSTAR FINANCE, LTD.

The Court having reviewed the Application of Plaintiff Securities and Exchange Commission (the "Commission") for Entry of Judgment by Default Against Alfred Peeper ("Peeper"), Oriental New Investments, Ltd., and Orienstar Finance, Ltd., and for good cause shown, it is hereby ORDERED, ADJUDGED and DECREED that:

1. The Application is GRANTED.

2. Defendant Peeper and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were

made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

3. Defendant Peeper and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which it was made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

4. Within thirty (30) days of the date of this Judgment, Defendant Peeper and Relief Defendants Oriental New Investments Ltd. and Orienstar Finance Ltd. shall disgorge profits gained as a result of the conduct alleged in the Complaint. Defendant Peeper and Relief Defendants Oriental New Investments Ltd. and Orienstar Finance Ltd. are jointly and severally liable for disgorgement of $9,096,298.00, together with prejudgment interest thereon in the amount of $5,667,130.92, for a total of $14,763,428.92.

5. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest against Defendant Peeper and Relief Defendants Oriental New Investments Ltd. and Orienstar Finance Ltd. by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Judgment and Order. In response to any such civil contempt motion by the Commission, Defendant Peeper and Relief Defendants Oriental New Investments Ltd. and Orienstar Finance Ltd. may assert any legally permissible defense. Payments under paragraph 4 above shall be made to the Clerk of this Court, together with a cover letter identifying the Defendant's name as the defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action, Jack Kaufman, Securities and Exchange Commission, 3 World Financial Center, New York, New York 10281. Defendant Peeper and Relief Defendants Oriental New Investments Ltd. and Orienstar Finance Ltd. relinquish all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to the Defendant or Relief Defendants. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "FUND"), shall be held by the CRIS until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guideline set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial

Conference of the United States. The Commission may propose a plan to distribute the Fund subject the Court's approval. Defendant Peeper and Relief Defendants Oriental New Investments Ltd. and Orienstar Finance Ltd. shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

6. Within thirty (30) days of the date of this Judgment and pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], Defendant Peeper shall pay a civil money penalty of $110,000.00.

7. Defendant Peeper shall make payment as indicated in paragraph 6 above by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying the Defendant's name as the defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action, Jack Kaufman, Securities and Exchange Commission, 3 World Financial Center, New York, New York 10281. Defendant Peeper shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

8. Defendant Peeper is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule

stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

9. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and Order.

10. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2008

New York, New York

*Deborah A. Batts*
UNITED STATES DISTRICT JUDGE
4/15/08

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____