UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>WAMEX HOLDINGS, INC., ET AL.,<br><br>Defendants. | 01 CV 9056 (DAB / AJP)<br><br>(Consolidated with: 01 CV 9057, 01 CV 9058, and 01 CV 9059) |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff - Judgment Creditor ,<br><br>- against -<br><br>DAVID WEISS,<br><br>Defendant - Judgment Debtor,<br><br>- and -<br><br>LYNN WEISS,<br><br>Proposed Garnishee. | |

**RESPONSE OF THE PLAINTIFF,
SECURITIES AND EXCHANGE COMMISSION,
TO SUBMISSION OF DEFENDANT DAVID WEISS
RE PRE-MOTION CONFERENCE**

The plaintiff Securities and Exchange Commission (the "Commission") respectfully submits the following response to the submission of the defendant David Weiss ("Weiss") in advance of the pre-motion conference scheduled for September 18, 2013.

The purpose of this conference is not to decide the proposed motions on their merits, but rather to determine whether they may be filed.

## I.      DISGORGEMENT

There is no substantial issue concerning the disgorgement portion of the judgment.

Weiss does not dispute that the Court entered judgment against him for disgorgement of $13,517.91, together with prejudgment interest of $5,233.35.  Weiss does not claim that the amount of disgorgement is improper.  Moreover, Weiss does not asset that he has paid any portion of this amount, although he alleges that he has been and is willing to pay this amount.  With postjudgment interest, the amount due relating to disgorgement is $25,633.25 as of the date of the promotion conference.  Weiss may asset inability to pay as a defense, but all of his assets, even those exempt from execution, must be considered with respect to determining his inability.

The passage of time from 2007, when the judgment was entered against Weiss, or even from 2001, when this action was brought, does not provide a reason why the Commission cannot now seek to enforce the judgment for disgorgement by civil contempt.  Statutes of limitations and the doctrine of latches do not apply as to the government where it is seeking to vindicate public rights.  *SEC v. Penn Central Co.*, 425 F. Supp. 593, 599 (E.D. Pa. 1976).

If Weiss wishes to avoid civil contempt proceedings, or other collection actions under Rule 69(a) of the Federal Rules of Civil Procedure, he simply has to agree to pay this amount, immediately or under an agreed to payment plan.  If Weiss, on the other hand, is not willing to pay this amount, then civil contempt is an appropriate remedy.

Finally, the Commission notes that as an alternative to enforcing the judgment by civil contempt, it may also seek to collect it as a money judgment under Rule 69(a) of the Federal Rules of Civil Procedure.  *See*, *SEC v. Softpoint, Inc.*, 2012 WL 1681167 at * 2 (S.D.N.Y. May 9, 2012).  Although such procedures would follow state law, specifically the New York Civil Practice Law and Rules, the principles discussed below would be equally applicable.

## II.   CIVIL PENALTY

### A.   __Amount__

Unlike disgorgement, Weiss disputes that portion of the judgment which imposes a $100,000 civil penalty on him.

First, Weiss cannot at this point contest the entry of the judgment against him.  Weiss agrees that he was properly served in this action, and that the Commission intended to seek a default judgment against him.  As the Complaint clearly indicated that the Commission was seeking to have the Court impose civil penalties, Weiss was aware that this might occur.

Second, even if Weiss did not receive actual notice of the entry of the default judgment in 2007, he did receive notice in July 2009, and Weiss took no action at that time, or thereafter, with respect to the default judgment.

There have been settlement discussions between the Commission and Weiss.  The principal difficulty has been that if the Commission were to compromise the amount of the debt, it would be required to file a Form 1099-C with the Internal Revenue Service.  The filing of this form is for information purposes only.  However, the Internal Revenue Service will then review the income tax return that Weiss files for the applicable year to determine whether he has incurred any income due to cancellation of indebtedness.[1]

---

[1] Section 108(a)(1)(B) of the Internal Revenue Code, 26 U.S.C. § 108(a)(1)(B), excludes from gross income any cancellation of indebtedness which occurs if the taxpayer is insolvent. However, because all assets, including Weiss's individual retirement accounts, are considered in making a determination of insolvency, Weiss would incur a substantial income tax liability in the event that the Commission were to compromise the amount of the civil penalty.

The Commission may judicially enforce the civil penalty only through the provisions of the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001 - 3307.[2]  Under the FDCPA contempt is not an available remedy and all exemptions created by state or federal law are recognized.  Therefore, Weiss's individual retirement accounts are not subject to being applied to the payment of the civil penalty.

Weiss also appears to allege that the Commission should afford him the same type of compromise as it entered into with the estate of Roger M. DeTrano.  The judgment against DeTrano imposed liability on him for $1,126,242 in disgorgement, $463,051.61 in prejudgment interest, and $1,126,242 in a civil penalty.  The compromise was for DeTrano's estate to pay $110,000.  But this $110,000 was one-half of the net proceeds of the sale of the only asset of the estate, DeTrano's house located in Queens, New York.  Here, Weiss's financial statement shows that he and his wife (California is a community property jurisdiction) have a net worth of over $235,000, so that a compromise along the lines of that in DeTrano would call for him to pay $117,500 to the Commission.  *See, FTC v. Neiswonger*, 580 F.3d769, 776 (8th Cir. 2009) (community property may be considered in civil contempt proceedings).

**B.     Status of Lynn Weiss**

The Commission placed Lynn Weiss's name in the caption as she would be a necessary party to any action seeking, under the FDCPA and California law, to subject her bank accounts or her earnings to the payment of the judgment against Weiss.  Obviously, she is not yet a party to this action, and will not be unless and until such a motion is brought.  The Commission therefore thought it appropriate to provide advance notice of what would be a necessary

---

[2] The Commission could also refer Weiss to the Treasury for the purpose of having the debt offset against all government payments he may receive, including his social security benefits.

consequence of its motions.  (It has changed her designation in the caption to "Proposed Garnishee".)

## III.    PROCEDURAL ISSUES

Finally, Weiss seems to misunderstand the Commission's position on a possible transfer of this matter to the Central District of California.  Under the FDCPA Weiss has the right to have any proceedings instituted in this Court transferred to the judicial district where he resides.  If Weiss requests such a transfer of the FDCPA proceedings, the Commission believes it would be appropriate for the California court to adjudicate all aspects concerning enforcement of the judgment against Weiss, both as to disgorgement and as to the civil penalty.[3]

Dated:        New York, New York
              September 16, 2013

                              ANDREW M. CALAMARI
                              Regional Director

                              ____/s/____John J. Graubard_____
                              JOHN J. GRAUBARD        (JG-4854)
                              Senior Attorney
                              SECURITIES AND EXCHANGE COMMISSION
                              New York Regional Office
                              3 World Financial Center, Room 400
                              New York, NY 10281-1022
                              Tel.:         212-336-0084
                              Fax:          212-336-1353
                              E-mail:       graubardj@sec.gov

---

[3] Clearly, a California court will have greater familiarity with the provisions of their community property law.

- 5 -