UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,              01 Civ. 9056 (DAB)
          v.                                ADOPTION OF REPORT
                                            AND RECOMMENDATION
EDWARD A. DURANTE,

                    Defendant.
----------------------------------X
DEBORAH A. BATTS, United States District Judge.

     On December 19, 2013, United States Magistrate Judge Andrew J.

Peck issued a Report and Recommendation ("Report"), recommending

that Plaintiff Securities and Exchange Commission's (the "SEC")

Motion to Hold Defendant Edward Durante in Contempt ("Motion") be

granted and that Defendant Edward Durante's ("Durante") Cross-

Motion to Modify the Judgment ("Cross-Motion") be denied.  (Report

at 2, 33.) Durante filed an Objection to the Report, and the SEC

responded.  For the reasons set forth below, after conducting the

appropriate levels of review, the Report is ADOPTED in its

entirety.  Accordingly, the SEC's Motion is GRANTED, and Durante's

Cross-Motion is DENIED.


I.   DISCUSSION

     A.   Standard of Review for a Report and Recommendation

     "Within fourteen days after being served with a copy [of a

Magistrate Judge's Report and Recommendation], a party may serve

and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2); <u>accord</u> 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A district court must review <u>de novo</u> "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." <u>Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.</u>, No. 07 Civ. 6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); <u>Ortiz v. Barkley</u>, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review . . . for clear error where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'" (citation omitted)). After conducting the appropriate levels of review, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

   B.   Analysis

   The Report sets forth the facts in this matter, and they will
not be restated here.  Durante objects to the Report's finding that
the SEC had established the perquisites for a contempt
determination and that his equitable defenses lacked merit.  (Obj.
3-10, 12-22.)  He also asserts the Report erred in drawing an
adverse inference from his wife's invocation of her Fifth Amendment
right.  (Obj. 10-12.) In making these Objections, however, Durante
merely rehashes the same arguments he made before the Magistrate.
These nearly identical contentions include, inter alia, asserting
that the default judgment was not clear and unambiguous, the SEC
has not proven of his noncompliance, and equitable defenses apply.
Durante does not object to the Report's recommendation that "he
should be ordered incarcerated until he makes meaningful payments
towards the disgorgement amount and provides a current and accurate
accounting of his income and assets."  (Report 31.) Accordingly,
those Objections and the recommendation for Durante's incarceration
shall be reviewed for clear error, and this Court finds none.  See
Indymac Bank, 2008 WL 4810043, at *1; see also Ortiz, 558 F. Supp.
2d at 451.

   Although Durante contends that the Report misconstrues case
law with respect to the SEC's Motion, (see Obj. 5 n.1, 13-14), upon
de novo review, the Report correctly interpreted the disputed

                                    3

cases.  See Cayuga Indian Nation v. Pataki, 413 F.3d 266 (2d Cir. 2005); see also SEC v. Hirshberg, No. 97-6171, 173 F.3d 846, 1999 WL 163992 (2d Cir. 1999).

Regarding the Report's recommendation to deny the Cross-Motion, Durante's Objection primarily reiterates his arguments made before Magistrate Judge Peck.  Although Durante now attempts to explain why his delay in filing his Cross-Motion is excusable, he did not make that argument before Magistrate Judge Peck, and it shall not be considered.[1]  See Azkour v. Little Rest Twelve, Inc., No. 10 Civ. 4132, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) ("[C]ourts generally do not consider new evidence raised in objections . . . absent a compelling justification for failure to present such evidence to the magistrate judge." (citation omitted)); see also Smith v. Marcellus, 917 F. Supp. 168, 174 (W.D.N.Y. 1995) ("[A] district court will ordinarily refuse to consider de novo review arguments, case law, and/or evidentiary material which could have been, but was not presented to the magistrate judge.").  Accordingly, this Court finds no clear error

---

[1] In any event, Durante's arguments do not excuse his delay in moving to modify the judgment.  While attempting to collect on Durante's Default Judgment, the SEC demanded payment on June 23, 2011, requested his production of documents on November 9, 2011, and deposed him on October 2, 2012; however, Durante waited until his November 26, 2013 Opposition to the SEC's instant Motion to first move to modify the judgment.  (See Schultze Decl. Exs. 1-3, ECF No. 251.)

4

in the recommendation to deny Durante's Cross-Motion.

II.  CONCLUSION

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Andrew J. Peck, dated December 19, 2013, this Court APPROVES, ADOPTS, and RATIFIES the Report's factual recitations, findings, and recommendations in their entirety.  Accordingly, the SEC's Motion to Hold Durante in Contempt is GRANTED, and Durante's Cross-Motion to Modify the Judgement is DENIED.

Durante is hereby held in civil contempt and ordered to provide the SEC with an accurate accounting of his income and assets and to turn over all assets that he listed as part of his plea agreement.  If he complies within forty-five days of the date of this Order, he will have purged himself of the contempt.  If he does not, the Court shall order his immediate imprisonment and compliance with this Order shall end his imprisonment.

SO ORDERED.

Dated:     New York, New York
           September 25, 2014

                                    _Deborah a. Batts_
                                    Deborah A. Batts
                                United States District Judge

5